Hillsborough, }
May 5, 1914. }

### IRA W. HOLT, *Adm'r*, v. MARY J. BURNS & a.

Where a will gives the testator's widow "property to the amount of five thousand dollars, to be selected by her at its appraised value from the balance of my estate," she has the right to demand and receive the avails of an insurance policy which, by reason of the death of the insured in her lifetime, became a part of the residue.

BILL IN EQUITY, asking advice as to the plaintiff's duty under the will of George W. Burns. Transferred without a ruling from the September term, 1913, of the superior court by *Kivel*, J.

The fourth clause of the will gave to Mary J. Burns, widow of the testator, his homestead place in Milford and a policy of insurance on his life, and further provided as follows: "Should my said wife not survive Charles H. Coggin, on whose life I hold policy No. 180,499 in the Connecticut Mutual Life Insurance Company, I give and bequeath to my then legal heirs and to my said wife's legal heirs the proceeds of said policy in equal shares." By the sixth clause, the testator gave to his wife "property to the amount of five thousand dollars, to be selected by her at its appraised value

from the balance of my estate." Any balance then remaining was disposed of by a residuary clause.

The testator died in 1899, and Charles H. Coggin in 1913. The amount due under the policy ($1,698.24) has been paid to the plaintiff. The widow has received $1,747.18 under the sixth clause. In 1905, the executors delivered to the widow the policy referred to, and it is found' as a fact that she has selected the proceeds of the policy as a part of the five thousand dollars under the sixth clause. The petitioner asks the advice of the court upon the question whether the widow is entitled to select the policy or the proceeds thereof under the sixth clause.

*Kittredge & Prescott*, for the plaintiff.

Defendants *pro se.*

WALKER, J.   As the widow survived Charles H. Coggin, the condition of her non-survival, upon which the bequest in the fourth clause of the will of the policy of insurance upon his life was based, did not occur, and the bequest for that reason did not take effect. Upon Coggin's death in 1913, the proceeds of the policy, which were paid to the plaintiff, became a part of "the balance of my estate" within the meaning of the sixth clause; and the widow was entitled to select the whole of that sum. toward the payment of the legacy of five thousand dollars given to her in that clause.   The testator's intention to give his wife five thousand dollars by this clause is apparent.   According to the facts reported in the case, she has received on this account $1,748.18, which added to the proceeds of the insurance, amounting to $1,698.24, would be insufficient to carry out in full the testator's intention.

The plaintiff is advised, therefore, that the widow has the right under the will to demand and receive the insurance money in the plaintiff's hands.

                                                        *Case discharged.*

All concurred.